UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LAURA A. ZADORECKY,

                                               Plaintiff,

                                      DECISION and ORDER

-vs-

                                      11-CV-6285-CJS

MICHAEL J. ASTRUE, COMMISSIONER OF
SOCIAL SECURITY,

                                             Defendant.

---

**APPEARANCES**

For Plaintiff:                        Mark M. McDonald, Esq.
                                     Bond and McDonald
                                     91 Genesee Street
                                     Geneva, NY 14456

For Defendants:                 Kathryn L. Smith, A.U.S.A.
                                     U.S. Attorney's Office
                                     100 State Street, Fifth Floor
                                     Rochester, NY 14614

**INTRODUCTION**

    **Siragusa, J.** Before the Court is a motion for judgment on the pleadings, ECF No. 15, brought by the Commissioner of Social Security, and a cross-motion for judgment on the pleadings, ECF No. 16, brought by Plaintiff Laura Zadorecky ("Plaintiff"). The issue presented is whether the Commissioner's decision that Plaintiff was not disabled is supported by substantial evidence. For the reasons stated below, the Commissioner's decision is reversed and the matter is remanded.

## BACKGROUND

On March 9, 2007, Plaintiff filed applications for Social Security Disability Insurance and Supplemental Security Income Benefits. In both applications, Plaintiff alleges a disability onset date of January 1, 1999. She meets the insured status requirements of the Social Security Act through September 30, 2006. On May 23, 2007, Plaintiff's claims were denied and she requested an Administrative Hearing, which was held on July 9, 2009. In a July 21, 2009, decision, the Administrative Law Judge ("ALJ") denied Plaintiff's claims. Plaintiff filed a request for review, which was denied by the Appeals Council on May 4, 2011, making the ALJ's determination the final decision of the Commissioner. On June 9, 2011, Plaintiff filed her appeal to this Court.

The Commissioner alleges that his final decision was supported by substantial evidence. In support of his position, he lays out the five-step sequential analysis required in determining whether or not a claimant is disabled.

Step one requires the ALJ to determine whether the claimant is engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(b) and 416.920(b). The ALJ determined that Plaintiff has not engaged in any substantial gainful activity since the alleged onset date of January 1, 1999. Record18.

Step two requires the ALJ to determine whether the claimant has a medically determinable impairment or combination of impairments that is "severe." 20 C.F.R. §§ 1520(c) and 416.920(c). The ALJ determined that Plaintiff does have severe impairments, consisting of: Addison's disease, asthma, and status post fracture of the left wrist. Record 18.

Step three requires the ALJ to "determine whether the claimant's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R § 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926)." Record 17. The ALJ determined that Plaintiff's impairments do not meet or medically equal one of the listed impairments. Record 18.

Prior to proceeding to step four, the ALJ must determine the claimant's residual functional capacity (RFC). 20 C.F.R. §§ 404.1520(e) and 416.920(e). Assessment of a claimant's RFC is "based on all the relevant medical and other evidence in [the] case record." *Id.* Accordingly, the ALJ determined that Plaintiff has the RFC

> to perform light work as defined in 20 CFR 404.1567(b) with the following restrictions: no more than frequent use of the left arm, no lifting of more than ten pounds with the left arm alone, no more than occasional climbing, balancing, stopping, kneeling, crouching, or crawling, and no concentrated exposure to respiratory irritants.

Record 19. In making this determination, the ALJ considered Plaintiff's objective complaints, which he found not entirely credible "to the extent that they were inconsistent with the above residual functional capacity assessment." Record 20. In that regard, the ALJ concluded "there [was] absolutely no indication[] that her Addison's disease was anything other than well controlled and asymptomatic after one incident in 1985." *Id.* Dr. Krishnakumar Rajamani ("Dr, Rajamani"), Plaintiff's Primary Care Physician at Unity Internal Medicine at Cornerstone, "failed to complete the portions of the form asking that he explain how the evidence supported his opinions." *Id.* Therefore, the ALJ did not give Plaintiff's subjective complaints, or Dr. Rajamani's medical opinion, great weight.

Step four requires the ALJ to determine whether the claimant has the RFC to perform the requirements of her past relevant work. 20 C.F.R. § 404.1520(f) and § 416.920(f). The ALJ determined that Plaintiff could perform her past relevant work as a secretary. The ALJ decided, "[i]n comparing the claimant's residual functional capacity with the physical and mental demands of this work, I find that the claimant is able to perform it as actually and generally performed." Record 21. Since the ALJ determined that Plaintiff had the RFC to perform her past relevant work, he found that she was not disabled. Therefore, the ALJ was not required to proceed to step five.

In her cross-motion, Plaintiff makes several arguments in support of her position that the ALJ's decision is not based on substantial evidence. Specifically, Plaintiff argues that: (1) the ALJ improperly rejected the opinions of the treating physicians; (2) the ALJ failed to properly assess her RFC; (3) the ALJ failed to properly analyze her past relevant work; and (4) the ALJ improperly assessed the Plaintiff's credibility.

**STANDARD OF LAW**

Title 42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the statute directs that when considering such a claim, the district court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v Nat'l Labor Relations Bd.*, 305 U.S. 197, 229 (1938). Section 405(g) thus limits the district court's scope of review to determining whether the Commissioner's findings were supported by substantial evidence. *See, Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that the

reviewing court does not try a benefits case *de novo*). The district court is also authorized to review the legal standards employed by the Commissioner in evaluating a plaintiff's claim.

The district court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Lynn v. Schweiker*, 565 F. Supp 265, 267 (S.D. Tex. 1983) (citation omitted). The Commissioner asserts that his decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Under Rule 12(c), judgment on the pleadings may be granted where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639 (2d Cir. 1988).

## DISCUSSION

Turning first to Plaintiff's claim that the ALJ improperly rejected the opinions of the treating physicians, Dr. Jeffrey A. Jones and Dr. Krishnakumar K. Rajamani. First, as to Dr. Jones, Plaintiff points out that the ALJ's decision does not discuss the following limitations as reported in his June 27, 2006, clinical note:

> At this point, she is not capable of heavy repetitive lifting on the injured side. This will be a permanent restriction. She can lift only 5 pounds occasionally. No repetitive torque activities. No highly repetitive grip and grasp activities. Self-paced activities only.

Record 306. Rather, in discussing Dr. Jones' assessment, the ALJ wrote:

> On June 12, 2006, the claimant's physician wrote to a case manager with the claimant's insurance company summarizing the claimant's treatment and indicating that the claimant: "should avoid occupational heavy lifting greater than 10 pounds with her left upper extremity. She should also avoid highly repetitive activities with her left arm, such as assembly, and should not do

> repetitive torque forced activities (Twisting of the wrist or forearm)" (Exhibit 3F, p. 59).

Record 20–21; *see* Record 303 (Dr. Jones' letter). As indicated above, the ALJ determined that Plaintiff retained the RFC to do light work. Record 19. Light work is defined in the regulations as:

> (b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. §§ 404.1567(b) & 416.967(b). The difference between Dr. Jones' June 12 letter, and June 27 clinic note, is five pounds. The ALJ's decision does not take into account Dr. Jones' lifting restriction of five pounds, and does not discuss why he rejected the latter restriction in making his RFC determination. This omission on the part of the ALJ requires clarification, which could obviously impact the his RFC determination.

Second, as to Dr. Rajamani, the ALJ wrote:

> Dr. Rajamani completed a form indicating that the claimant could lift less than ten pounds on occasion, ("secondary to surgery on arms"); could sit less than six hours during a work day; could not tolerate even moderate exposure to temperature extremes, wetness, humidity, noise, vibration, or hazards. Dr. Rajamani failed to complete the portions of the form asking that he explain how the evidence supported his opinions (Exhibit 10F).

Record 20; *see* Record 359 (Section 6,"Explain how and why the evidence supports your conclusions…. Cite the specific facts upon which your conclusions are based," left blank.)

It is well settled that a treating physician's opinion is entitled to controlling weight under certain circumstances:

> If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.

20 C.F.R. § 404.1527(c)(2). In his decision, the ALJ explained why he was not giving Dr. Rajamani's opinion that, "because of problems in hypotension and periodis [sic] of weakness related to Addison's disease she is unable to work," Record 20, controlling weight. Specifically, the ALJ found that such conclusion by Dr. Rajamani was not based upon significant medical findings. As indicated in the Record, Dr. Bharat Gupta, a colleague of Dr. Rajamani at Unity Internal Medicine at Cornerstone, in an examination note dated October 8, 2008, reported: "Addison's disease (255.9), Chronic, stable on the current meds. [S]he is followed by Dr. [R]ajamani." Record 389. Likewise, in a similar examination record dated May 1, 2009, Dr. Sunitha Bollineni, also of Unity Internal Medicine at Cornerstone, reported: "Addison's disease (255.9); Chronic. Stable, no symptoms, will continue cortisone as before, but before the biopsy [of a cyst found on her larynix], may need increased doses, will wait to hear from Dr. Rajamani regarding dose adjustment." Record 395. Neither entry supports Dr. Rajamani's conclusion that Plaintiff is unable to sit for six hours in an eight hour workday. Moreover, regarding Plaintiff, Dr. Jose O. Santiago of Strong Health at Strong Memorial Hospital, in his clinic notes of January 20, 2006, wrote, "Addison's disease (primary adrenal insufficiency). Stable on

cortisol acetate 25 mg in the morning, 12.5 mg in the evening." Record 292. The Court finds the ALJ properly applied the treating physician rule.

The Court now turns to Plaintiff's claim that the ALJ failed to properly analyze her past relevant work. In that regard, Plaintiff maintains that it is error to conclude that she "can do past relevant work without specifically setting forth in the decision the physical and mental demands of [her] particular past work." Pl.'s Cross-Mot. For J. On the Pleadings, ECF No. 16-2, at 13. The Court agrees.

Social Security Ruling 82-62: Titles II and XVI: A Disability Claimant's Capacity to Do past Relevant Work, in General, provides in relevant part as follows:

> In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific findings of fact:
>
> 1. A finding of fact as to the individual's RFC.
>
> 2. A finding of fact as to the physical and mental demands of the past job/occupation.
>
> 3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

The standard requires the ALJ "to make an on-the-record finding regarding the physical and mental demands of past relevant work." *Nagengast v. Astrue*, CIV. A. 10-1287, 2011 WL 3794283 (D. Kan. Aug. 25, 2011) (citing *Winfrey v. Chater*, 92 F.3d 1017, 1024 (10th Cir. 1996)). Here, the ALJ failed to discuss the physical and mental demands of Plaintiff's past work. The ALJ merely stated that Plaintiff is capable of performing her past relevant work as a secretary based on her RFC. There is no substantial evidence to support this determination.

**CONCLUSION**

Pursuant to 42 U.S.C. § 405(g), the Commissioner's decision is reversed and remanded for a determination consistent with this Decision and Order.

IT IS SO ORDERED.

Dated:   July 19, 2012
         Rochester, New York

                ENTER:

                              /s/ Charles J. Siragusa
                              CHARLES J. SIRAGUSA
                              United States District Judge